391 S.E.2d 376

**Roberta Mae BLAND**

v.

**Harry BLAND and Ethel Bland, His Wife, Defendants Below, Appellees,**

**and**

**Anna Lee Thompson and David Thompson, Her Husband, Defendants Below, Appellants.**

No. 19038.

Supreme Court of Appeals of West Virginia.

March 23, 1990.

Jerry D. Moore, Franklin, for Roberta Mae Bland.

George I. Sponaugle, II, Sponaugle, Sponaugle & Bowers, Franklin, for Harry Bland and Ethel Bland.

John G. Ours, Petersburg, for Anna Lee Thompson and David Thompson.

PER CURIAM:

This is an appeal by Roberta Mae Bland and Anna Lee Thompson and David Thompson, her husband, from an order of the Circuit Court of Pendleton County partitioning in kind two tracts of land located in Pendleton County. On appeal, the appellants claim that the property in question was not susceptible to partitioning in kind, that the partition order was grossly unfair and inequitable, and that the circuit court should have ordered partition of the property by sale. After reviewing the record and

the questions presented, this Court agrees and reverses the decision of the circuit court.

The appellants, Roberta Mae Bland, Anna Lee Thompson, and David Thompson, and the appellees, Harry Bland and Ethel Bland, were co-owners of two tracts of real estate which contained approximately 99 acres and 67.99 acres. Roberta Mae Bland wanted to partition the property, and on January 25, 1988, she filed a complaint in the Circuit Court of Pendleton County praying that the two tracts be partitioned among the owners. The complaint alleged that the real estate was not susceptible to partition in kind and prayed that it be sold and that the proceeds be divided among the owners.

Harry Bland and Ethel Bland, his wife, filed an answer on February 11, 1988, which, in effect, assented to the partitioning of the land but which indicated that it should be divided in kind rather than by sale. Anna Lee Thompson and David Thompson, her husband, filed an answer in which they admitted all the allegations of the complaint and prayed that the property be sold.

A hearing was conducted in the matter on April 11, 1988, and at that hearing the circuit court determined that Harry Bland and Ethel Bland owned a ⁴⁄₁₈th interest in the property, that Roberta Mae Bland owned a ⁷⁄₁₈th interest, and that Anna Lee Thompson and David Thompson owned a ⁷⁄₁₈th interest. On the same day the court appointed special commissioners to divide the real estate in kind. Subsequently, one of the commissioners was unable to serve and the court appointed an alternative commissioner.

The commissioners went to the land and walked over substantial portions of it. They filed a report on September 28, 1988, in which they assigned 20 acres of the 99–acre tract to Harry Bland. That 20 acres included the only house, barn, and outbuildings on the two tracts. It also contained all the frontage on U.S. Route 33. The residue of the 99–acre tract and the entire 67.99–acre tract were divided between Roberta Mae Bland and Anna Lee Thompson.

Roberta Mae Bland received 6 acres of bottom land and 36 acres of mountain land from the 99–acre tract and Anna Lee Thompson received 10 acres of bottom land and 32 acres of mountain land. The 67.99–acre tract was divided equally between Roberta Mae Bland and Anna Lee Thompson and contained only mountain land.

Roberta Mae Bland and Anna Lee Thompson and David Thompson, her husband, both filed exceptions to the report of the commissioner. Roberta Mae Bland alleged that the division was grossly inequitable, that the commissioners improperly assigned the dwelling house, outbuildings, and road frontage to Harry Bland, and that the real estate laid off to Roberta Mae Bland and the Thompsons was steep, rugged, mountain land with no improvements, no timber, and was essentially worthless. She also claimed that the commissioners were equivocal about the division and suggested that under the circumstances the real estate should have been sold. The Thompsons made essentially the same exceptions to the commissioners' report.

At a hearing conducted on the exceptions to the report, the Thompsons and Roberta Mae Bland called as witnesses two real estate experts. One, Harry H. Lance, Sr., a real estate broker and forester with thirty years' experience, testified that the property to be received by Harry Bland under the commissioners' report had a total value of $50,000. He indicated that the property to be received by Roberta Mae Bland was worth $25,500, and the property to be received by the Thompsons was worth $28,100. He explained that the property assigned to Harry Bland had good road frontage and had a house, barn, and other outbuildings. On the other hand, the property assigned to Roberta Mae Bland was largely mountain land, with much lower value, and had less desirable access. The same was true with regard to the land assigned to the Thompsons. The second appraiser, Wilson H. Smith, who had been in the real estate business since 1956, essentially agreed with Mr. Lance's conclusions. He indicated that the best land had

been assigned to Harry Bland and was worth considerably more than that assigned to the other parties.

In the course of the hearing, one of the commissioners, Glenn Bennett, was questioned about the commissioners' findings and asked whether the property could be divided, and if it could not, what he would recommend. He responded:

> Well, we done the best that we could do with it. To begin with, we were unaware of the fact that it was in two separate tracts, and then we came up with that from a neighbor, and we checked into that further and found that there'd be a deed for that, and then that changed some of the thinking as to how to divide it, and after that taken place, it left us in a difficult position. We did the best that we could do in dividing this property, and I think all the commissioners here tried to divide it like they knew absolutely no one.

He was then asked if he had any further recommendation if the parties were not satisfied. He responded:

> Uh, I felt that if two or more of these people were not satisfied, put it up for sale. That would be my recommendation to the Court.

In spite of the evidence adduced during the hearing, the circuit court ruled that the commissioners' findings with regard to the partition were reasonable and fair and, in effect, adopted those findings. Both Roberta Mae Bland and the Thompsons filed a motion for a new trial. A hearing was conducted on that motion, but the court by final order dated February 6, 1989, affirmed the decision with regard to partition of the land. It is from that order that the appellants now appeal.

■ In *Feamster v. Feamster*, 123 W.Va. 353, 15 S.E.2d 159 (1941), this Court discussed the circumstances under which it would set aside a partition made by a trial court pursuant to findings submitted by commissioners appointed by the court. The Court concluded, in syllabus point 2, that:

> To justify setting aside an allotment made in a partition suit by commissioners

and confirmed by the trial court, it must be shown that the allotment has been made on wrong principles, or by a clear and decided preponderance of the evidence that a grossly unequal allotment has been made.

The Court had previously reached the same decision in *McKown v. McKown*, 93 W.Va. 689, 117 S.E. 557 (1923) and *Ransom v. High*, 37 W.Va. 838, 17 S.E. 413 (1893).

■ In the case presently before the Court, the appellants, in challenging the recommendations made by the commissioners appointed by the court, adduced the evidence of two real estate experts. Those experts indicated that the value of the property received by Harry Bland and his wife, who owned only a 4/18th interest in the undivided tracts, was worth almost twice that received by Roberta Mae Bland and by the Thompsons, who each owned a 7/18th interest in the tracts. Harry H. Lance, the real estate broker with thirty years' experience, assigned detailed reasons for the differences in the valuation. He specifically indicated that the property assigned to Harry Bland had good road frontage and that it had a number of buildings located upon it. On the other hand, the property assigned to Roberta Mae Bland and the Thompsons had less desirable access, had no improvements, and was mountain land rather than agricultural land such as was assigned to Harry Bland. The second expert, Wilson Smith, who also had approximately thirty years' experience in the real estate business, reached essentially the same conclusions.

When Glenn Bennett, one of the commissioners involved in the case, was questioned regarding the commissioners' findings, he suggested that the commissioners were not fully informed as to the extent of the property involved in the proceeding until sometime after they began their examination of it. His testimony suggested that the commissioners themselves questioned whether their final division was fair and appropriate. He indicated that the commissioners had done the best that they could, but that the circumstances had left them in a difficult position. He further suggested

that the commissioners had questioned whether the property was divisible in kind and stated that if two or more of the people involved in the proceeding were not satisfied, the property should be partitioned by sale.

This Court believes that the appellants introduced more than simple conjectural evidence showing that the Blands received substantially more valuable property than they received as a result of the partition proceeding. In view of the fact that the Blands owned only a 4/18th interest in the property, and that Roberta Mae Bland and the Thompsons each owned 7/18ths, almost twice as much, this Court believes that it was improper for the circuit court to adopt the commissioners' findings and assign considerably more valuable property to Harry Bland than to the other co-owners.

Reviewing the entire evidence, the Court believes that the appellants have shown by a clear and decided preponderance of the evidence that a grossly unequal allotment has been made. The Court also believes that when the testimony of Commissioner Bennett is examined it demonstrates that the commissioners substantially questioned whether the property was partitionable in kind and that Commissioner Bennett's actual conclusion was, in the absence of agreement among the co-owners, that the property should be partitioned by sale. Under the circumstances, the Court believes that the trial court should have ordered partition of the property by sale.

The judgment of the Circuit Court of Pendleton County is, therefore, reversed and this case is remanded with directions that the circuit court partition the property involved by sale.

Reversed and remanded with directions.